G. WILLIAM SWIFT, Jr., Judge Pro Tem.
The two issues presented by this appeal are whether or not the trial court erred in finding the defendant was a vendor instead of a manufacturer of cotton seed sold to the plaintiff, and in denying plaintiff’s motion for judgment notwithstanding the verdict.
In May 1981, plaintiff, Billy Miller, purchased approximately 3,600 pounds of cotton seed from the Macon Ridge Farmer’s Association, Inc. (Macon Ridge) at Sicily Island, Louisiana. The seeds were tested, tagged in sealed containers and certified to have a 80% germination rate by the Arizona Processing Company (Arizona Company) of Tempe, Arizona.. They had been tested and certified under the applicable Arizona law. Thereafter, the seeds were sold in the same sealed containers to the defendant, Mississippi Seed Company (Mississippi Seed) of Tunica, Mississippi, which sold them to the Sunburst Seed Company, Inc. (Sunburst), and the latter sold them to Macon Ridge, plaintiff’s vendor.
After planting approximately 60 acres, the plaintiff stopped when he realized that most of the seeds planted had failed to germinate and sprout. Samples were taken and sent to the Louisiana State Seed Testing Laboratory at Louisiana State University, which reported a germination rate of between 27% and 48%, far below the tagged 80% rate. The plaintiff then contacted Macon Ridge, and was refunded the full purchase price. Thereafter, plaintiff purchased more seeds from another vendor and resumed planting. Unfortunately, the planting season had expired, and plaintiff’s ultimate harvest was only 13 bales of cotton.
On July 24, 1981, plaintiff sued Macon Ridge alleging damages of $96,900.00 for the defective seeds and loss of his crop. The latter filed a third party action against Sunburst which is now defunct. Mississippi Seed was then joined in the suit. Its exception of lack of jurisdiction was overruled. In its answer Macon Ridge asserted a compromise and accord and satisfaction based on its return of the purchase price to plaintiff in June 1981. Both Macon Ridge and Mississippi Seed then filed motions for summary judgment. The court granted Macon Ridge’s motion, dismissing it from the action, but made no mention of Mississippi Seed’s motion.
Arizona Company was joined as a third party defendant just before the trial, based on its sale of the seed to Mississippi Seed and its original certification as to germination. However, this issue was severed from the main demand.
On September 29, 1986, the case was tried with Arizona Company absent from the proceedings. At the conclusion thereof the jury answered special interrogatories, finding that Mississippi Seed was not a manufacturer and that it had no knowledge of any problem with the seed when it was sold to Sunburst. Plaintiff moved for a judgment notwithstanding the verdict, which was denied. Formal judgment was signed in favor of Mississippi Seed and against the plaintiff on October 15, 1986.
Under Louisiana law, a manufacturer is presumed to know all of the vices and defects of the products it manufactures. Thus, if Mississippi Seed had been a manufacturer of the seeds the defects could be imputed to it and the buyer could recover not only the purchase price but also damages and attorney’s fees under La.C.C. Art. 2545. However, if it was a good faith vendor without knowledge that the seeds were defective the buyer was only entitled to restoration of the price and expenses of the sale. La.C.C. Art. 2531.
We agree with the trial court’s finding that Mississippi Seed was not a manufacturer of the seed. Mississippi Seed did not breed, develop, treat, grow, or rebag the seeds once they were received by it. *173 The only procedure Mississippi Seed took in regard to quality of the seeds was to have a sample thereof tested by the Mississippi State Seed Testing Laboratory. The result of this test indicated a germination rate of 86% which correlated to the rate indicated by Arizona Company. This test was made on May 11, 1981, over a month after the seeds were shipped to Sunburst. Mr. Richard Flowers of Mississippi Seed testified that it was standard procedure to remove samples from seeds as they were sold, and then send the samples to be tested. If the results were negative, the vendee would be notified immediately. However, if the test results were positive, there was no need to contact anyone.
Sometime after the seeds were shipped from Mississippi Seed to Sunburst, the latter sent a sample to the Mississippi State Seed Testing Laboratory. The results indicated a germination rate of approximately 24.5%, which was similar to the rate found by the Louisiana State Seed Testing Laboratory of the samples taken from the plaintiff’s seed.
It is not disputed that sometime between the shipment by Mississippi Seed to Sunburst and the Mississippi State and Louisiana State tests, the germination rate dropped considerably. The causes for this substantial drop were explained by Lee Daughtry, Director of the Mississippi Laboratory. We find his explanations for the drop in germination rates believable, as did the trial court. However, this is not the issue before us.
Plaintiff contends that Mississippi Seed should have been found liable like a manufacturer instead of a seller even if it did not know the seeds were defective. Miller v. Upjohn, 465 So.2d 42 (La.App. 1st Cir.1985), writ den., 467 So.2d 533 (La.1985) is cited as authority that a distributor could be found negligent and liable along with the manufacturer for a defect in the thing sold. Miller is distinguished from the case at hand in that the distributor, Upjohn Company, placed its name on the product and marketed it as their own. As a result of this marketing scheme, both Upjohn Company and Bristol-Meyers, the manufacturer, were held liable in a products liability case for failure to warn of the side effects of a drug. In the instant case, Mississippi Seed acted solely as a wholesaler and did nothing to the seeds in their sealed containers from the time it received them from Arizona Company to the time they were re-shipped to Sunburst. Mississippi Seed did not label the seeds on its own nor was it established that it was negligent with respect to testing them.
Plaintiff also cites Spillers v. Montgomery Ward & Co. Inc., 294 So.2d 803 (La.1974) as authority for his position. Mr. Spiller was injured by a tire rim that exploded after a tire was installed on it. The rim had been supplied by a company who had “re-done” the truck after plaintiff had purchased it from Reliable Motors, Inc. The court found the “re-doer” liable for the damages as well as the installer of the tires, Montgomery Ward & Company. The retailer, Reliable Motors, Inc., was not held liable as the trial court found it was a seller, not a manufacturer, and cited C.C. Art. 2531. Plaintiff apparently attempts to analogize Mississippi Seed as a “re-doer” of the seed. This is a poor analogy.
The fact finding by the jury that Mississippi Seed was not a manufacturer is clearly supported by all the evidence introduced at trial. Having failed to establish bad faith on the seller of the seed, plaintiff is only entitled to the return of the purchase price which he received from Macon Ridge before suit was ever filed.
Our conclusion is the same as to the denial of plaintiff’s motion for judgment notwithstanding the verdict.
The standard of proof which a trial judge must use in deciding a motion for judgment notwithstanding the verdict under La.C.C. P. Art. 1811 was stated by this court in Campbell v. Mouton, 373 So.2d 237, 239 (La.App. 3 Cir.1979), in the following quotation from the United States Fifth Circuit Court of Appeal in Boeing v. Shipman, 411 F.2d 365 (5th Cir.1969):
“ ‘On motions for directed verdict and for judgment notwithstanding the verdict, the the Court should consider all of the evidence — not just that evidence which *174 supports the nonmover’s case — but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is substantial evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury.’ ”
We find no abuse of the wide discretion afforded the trial judge in his refusal to grant plaintiff’s motion. It is clear from the evidence and testimony presented at trial, when reviewed in the light most favorable to the defendant, Mississippi Seed, that no jury of reasonable men could differ and reach a contrary decision.
For the reasons given above, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.